IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| HORACE COOK,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LINDA GETER,<br><br>　　　　Respondent. | CIVIL ACTION NO.: 2:19-cv-35 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Horace Cook ("Cook"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas. Doc. 1. Respondent filed a Response. Doc. 9. For the reasons which follow, I **RECOMMEND** the Court **DENY** Cook's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Cook *in forma pauperis* status on appeal.

## BACKGROUND

Cook was arrested on August 18, 2012, by State of Florida authorities for robbery and a violation of his state probation for failing a drug test. Doc. 9-1 at 2. The United States District Court for the Southern District of Florida issued a writ of habeas corpus *ad prosequendum*, and the United States Marshals Service took Cook into temporary federal custody on October 29, 2012. Id. & at 12. The Southern District of Florida court sentenced Cook on February 26, 2013, to an 151-month sentence for Hobbs Act robbery, with no mention of the federal sentence's relationship to any impending state sentence. Id. at 3, 9, 14–19. The United States Marshals Service returned Cook to the State of Florida's custody, and the State of Florida sentenced Cook

to 15 years' imprisonment for strong-armed robbery on May 22, 2013.  Id. at 3, 23.  The State of Florida released Cook on parole on April 1, 2016, and he was held in state custody until April 4, 2016, at which time he was received in exclusive federal custody.  Id. at 4, 10, 52, 57.  Cook has a projected release date of April 18, 2027, via good conduct time release.  Id. at 4, 8, 9.

## DISCUSSION

In his Petition, Cook asserts the Bureau of Prisons ("BOP") erred by failing to designate a Florida state sentence as a place of confinement for service of his federal sentence.  Doc. 1-1 at 3.  In addition, Cook asserts he was charged with committing armed robbery by two sovereigns—the State of Florida and the United States of America, yet the district court failed to grant him credit against his federal sentence for time served on his state sentence and order his sentences to run concurrently.  Id. at 4.

Respondent states the BOP properly calculated Cook's sentence.  Doc. 9 at 5.  Specifically, Respondent notes the judgment in Cook's federal case was silent as to whether that sentence was to run concurrently with or consecutively to Cook's undischarged state sentence, and 18 U.S.C. § 3584 requires the terms to be served consecutively.  Id.  Respondent also notes the BOP reviewed Cook's request for *nunc pro tunc* designation and denied that request as inconsistent "'with the intent of the sentencing court or with the goals of the criminal justice system.'"  Id. at 6 (quoting Doc. 9-1 at 65).  Further, Respondent notes Cook's federal sentence in BOP custody began on April 4, 2016, which is the date his sentence commenced, and he is not entitled to any additional credit against his federal sentence.  Id. at 8.

**I.      Whether Cook is Entitled to *Nunc Pro Tunc* Designation**

Cook avers the BOP erred in refusing to designate the state prison as a place of confinement for service of his federal sentence.  Doc. 1 at 6.  Cook was sentenced in federal

court on February 26, 2013, and his judgment was silent as to whether his federal sentence was to run consecutively to or concurrently with his not-yet-imposed state sentence. Doc. 9-1 at 14–19. Thus, Cook's federal sentence was to run consecutively to his state sentence. United States v. Beamon, CR 405-007, 2016 WL 4098593, at *1 (S.D. Ga. July 28, 2016) ("When multiple terms of imprisonment are imposed at different times, . . ., the terms are presumed to run consecutively unless the court orders otherwise." (citing 18 U.S.C. § 3584(a))).

The BOP shall designate the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b). The BOP, in its "sound discretion," can "designate a state prison as a place of federal confinement *nunc pro tunc*." Roman v. Nash, 184 F. App'x 277, 279 (3d Cir. 2006) (citing Barden v. Keohane, 921 F.2d 476, 481 (3d Cir. 1991)); United States v. Tubby, 546 F. App'x 869, 871 (11th Cir. 2013) ("If a defendant is already serving a state sentence, this '*nunc pro tunc*' designation has the effect of starting the federal sentence while the defendant is in state custody and running the federal and state sentences concurrently."). In making this determination, the BOP must consider: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." § 3621(b).

The BOP's implementation of this statute is found at Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence. Doc. 9-1 at 63. This Program Statement provides an inmate with the opportunity to request a *nunc pro tunc* designation based on an inmate's request for pre-sentence credit for time spent in service of a state sentence.

https://www.bop.gov/policy/progstat/5160_005.pdf, p. 5 (last visited Mar. 16, 2021). While the BOP must consider an inmate's request, the BOP has no obligation to grant the request "by designating a state institution retroactively as the place to serve the federal sentence." Id. at 6. The BOP will gather and review certain information, such as the federal and state judgments and commitments, the state sentence data record to include jail credit, and "any other pertinent information" relating to the sentences. Id. Under BOP Program Statement 5160.05, the Regional Directors are delegated the authority to designate a non-federal facility for concurrent service of a federal sentence and may make such a designation "when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." Id. at 4.

The BOP considered Cook's request for *nunc pro tunc* designation and denied the request. Cook was informed his federal offense was for Hobbs Act robbery, whereas his state sentence conviction was for strong-armed robbery (factor 2 of § 3621(b)). Doc. 9-1 at 42. In addition, the BOP informed Cook his federal judgment was silent on whether his federal sentence was to run consecutively with or concurrently to any other sentence and, by statute, his federal sentence was to run consecutively. Id. (factor 4). In fact, the federal sentencing judge responded to an inquiry by stating, "'I oppose the retroactive designation because the federal sentence imposed by this Court . . . should not run concurrent with a State sentence.'" Id. (quoting Doc. 9-1 at 37); Id. at 34–35. The BOP advised Cook his federal sentence would commence once he completed his state sentence and was released to exclusive federal custody. Id. at 43.

The BOP considered Cook's request for *nunc pro tunc* designation, as required by statute and as implemented as Program Statement 5160.05. The BOP's decision to deny Cook's request falls within the BOP's discretion, and Cook provides no reason why this Court should disturb the

BOP's determination. Cook is not entitled to his requested relief as to *nunc pro tunc* designation, and the Court should **DENY** this portion of his Petition.

II.     **Whether Cook is Entitled to Credit Against his Sentence**

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant "for any time he has spent in official detention prior to the date the sentence commences." United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). "A federal district court reviews for abuse of discretion the BOP's decision under [18 U.S.C.] § 3585 regarding commencement of a federal sentence and the grant of credit for prior custody." Paradis v. Keller, No. 1:10-CV-2354, 2011 WL 2790480, at *4 (N.D. Ga. June 13, 2011), *report and recommendation adopted*, 2011 WL 2790472 (N.D. Ga. July 14, 2011). To determine whether the BOP properly calculated Cook's sentence, the Court must begin with the plain language of the statute itself. Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). Section 3585 of Title 18 of the United States Code, which pertains to "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act of 1984. This statute provides:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added).

Here, Cook was arrested on state charges by State of Florida authorities on August 18, 2012. Doc. 9-1 at 2. Cook was transferred to secondary federal custody on via a writ of habeas corpus *ad prosequendum* on October 29, 2012. Cook was sentenced in federal court on February 26, 2013, to serve an 151-month federal sentence, and the sentencing judge was silent as to whether Cook's federal sentence was to run consecutively to or concurrently with any state sentence. Id. at 2–3, 14–18. Cook was returned to the State of Florida and was sentenced to 15 years' imprisonment on May 22, 2013. Id. at 3, 21–25. He was released from state custody on parole on April 1, 2016, but was held until April 4, 2016, when he went into federal custody. Id. at 4, 52, 57. The BOP computed Cook's sentence as commencing on April 4, 2016, the date he came into BOP's custody. He received credit against his federal sentence from April 1 to 3, 2016, for the days he was in custody awaiting his transfer to the BOP. Doc. 9 at 8; Doc. 9-1 at 10, 57.

In determining the proper credit, a two-part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Cook's federal sentence commenced on April 4, 2016, the date he was taken into exclusive federal custody to serve his 151-month federal sentence.

Cook's federal sentence clearly did not commence on August 18, 2012, the date he was arrested by Florida authorities, or on May 22, 2013, the date he was sentenced in his state case. Cook's federal sentence also did not commence when he entered secondary federal custody on October 29, 2012, under a writ of habeas corpus *ad prosequendum*.  See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (A writ of habeas corpus *ad prosequendum* is "only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."); see also Powell v. Jordan, 159 F. App'x 97, 99–100 (11th Cir. 2005) ("'[I]if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary.  The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately.'").  Cook was released back to the State of Florida, and his state sentence expired on April 1, 2016.  Doc. 9 at 2, 4; Doc. 9-1 at 4, 52, 57.  He was then in exclusive federal custody beginning on April 4, 2016, and received three days' credit against his federal sentence between April 1 and 3, 2016.  Doc. 9-1 at 10, 57.

The BOP committed no error nor abused its discretion in determining Cook's federal sentence commenced on April 4, 2016, the date he was in exclusive federal custody.  Id. at 57. However, Cook was credited with the time he seeks against his state sentence.  Cook simply cannot receive credit for his time in federal, secondary custody which has already been credited against his state court sentence.  Nor can he receive credit against his federal sentence before his federal sentence commenced.  In sum, Cook is not entitled to any additional credit against his federal sentence under § 3585.  Consequently, the Court should **DENY** Cook's Petition on this basis.

7

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Cook leave to appeal *in forma pauperis*. Though Cook has not yet filed a notice of appeal, it is appropriate to address these issues at this time. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Cook's Petition and the responsive pleading, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY** Cook's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Cook leave to proceed *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 16th day of March, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA